UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMMY LEE CASEY-EL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:14CV1303 AGF |
| BENNIE L. RIDDLE, et al., | ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for appointment of counsel. The motion will be denied at this time.

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams,* 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time. Plaintiff was fully capable of articulating his claims before this Court in his complaint, and this case is neither factually nor legally complex. Rather, the issues relating to his denial of benefits are relatively straight-forward, and it appears that plaintiff will be able to represent his own interests at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED without prejudice**.

Dated this 14th day of October, 2014.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE