UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SAMMY LEE CASEY-EL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1303 AGF |
| | ) | |
| BENNIE L. RIDDLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will order the Clerk to issue process on plaintiff's complaint.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it Alacks an arguable basis in either law or fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff=d* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff complains that he has been denied his "complete" food stamp benefit amount, pursuant to a "D.O.L. Title V Training Program." Plaintiff states that he has been told that the amount of his food stamps has been decreased due to income he has received from an AARP Sensor Community Service Employment Program. He claims that the income he has received from this training program should not be considered when determining his food stamp benefits.

As grounds for filing this case in federal court, plaintiff asserts that his claims arise under the "Department of Labor, Federal Title V Training Program" and the 14th Amendment of the Constitution. He asserts that his due process and equal protection rights have been violated by defendants' actions. Generally, in the body of his complaint, plaintiff asserts that defendants' actions are in violation of the Food Stamp Act.

Plaintiff names as defendants Bennie L. Riddle and Janetta King, who appear to be employees of the Missouri Department of Social Services. He seeks monetary and injunctive relief in his complaint.

## Discussion

The Court finds that plaintiff may bring his claims for denial of benefits under both the Food Stamp Act and 42 U.S.C. § 1983 for violations of the due process clause and the equal protection clause. *See, e.g., Briggs v. Bremby*, No.12CV324, 2012 WL 6026167, at *6 (D.Conn. Dec. 4, 2012) (collecting cases relative to the ability to bring a private right of action for denial of benefits under the Food Stamp Act and under 42 U.S.C. § 1983); *see also, Williston v. Eggleston*, 379 F.Supp.2d 561, 564 (S.D.N.Y. 2005). As such, the Court will order the Clerk to issue process on defendants in both their individual and official capacities.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Bennie L. Riddle and Janetta King in their individual and official capacities. Defendants shall be served at the address provided in plaintiff's complaint.

**IT IS FURTHER ORDERED** that defendants shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 14th day of October, 2014.

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE